UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS ATHONY DIBARTOLO,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

NO: 2:15-CV-291-RMP

ORDER DISMISSING PETITION

BEFORE THE COURT is Petitioner's single page document titled, "Notice of Appeal Request for Extention of Time to File," which was liberally construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner, a Washington State prisoner incarcerated at the Rhode Island Department of Corrections, Maximum Security, is proceeding *pro se* and has paid the $5.00 filing fee to commence this action.

It is unclear what Petitioner is trying to accomplish with this most recent submission. Earlier this year, Mr. DiBartolo filed a habeas petition which was transferred to the Ninth Circuit Court of Appeals as second or successive. *See*

ORDER DISMISSING PETITION -- 1

2:15-cv-00051-SMJ, *DiBartolo v. State of Washington et al.*. On June 25, 2015, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court.

Petitioner now appears to be attempting to appeal Washington state court decisions to this Court. This Court, however, is precluded from exercising appellate jurisdiction over the decisions of the Washington state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)(holding that federal district courts may not exercise appellate jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This rule applies even when the challenge to the state court's action involves federal constitutional issues. *See Feldman*, 460 U.S. at 484-86; *Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986). Therefore, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over Petitioner's claims.

Rather, the proper method by which a person may challenge his state court conviction is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973)(if a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies). Based on Petitioner's prior habeas petitions, it would appear that this

ORDER DISMISSING PETITION -- 2

avenue is foreclosed to Petitioner unless he can meet the requirements of 28 U.S.C. § 2244(b)(2).

**IT IS ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter judgment, forward copies to Petitioner and close the file.  The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 4th day of December 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge